IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN L. BANDES, | |
| Plaintiff, | 2:25-CV-00493-CCW |
| v. | |
| TRANSUNION, LLC, MIDLAND CREDIT MANAGEMENT, INC, | |
| Defendants. | |

## **OPINION**

Before the Court are Motions to Dismiss by Defendant Trans Union, ECF No. 19, and by Defendant Midland Credit Management, ECF No 21. For the reasons set forth below, the Court will grant both Motions.

I.   **Background**

*Pro se* plaintiff Bryan L. Bandes commenced this action in the Magisterial District Court of Fayette County on March 11, 2025, bringing claims against Midland and Trans Union for violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681. ECF No. 1. With the consent of Midland, Trans Union timely removed the action to this Court.[1] *Id.* Mr. Bandes then filed a first amended complaint, ECF No. 8-8, a second amended complaint, ECF No. 11, and ultimately, the operative Third Amended Complaint (the "TAC").[2] ECF No. 12.

---

[1] Trans Union properly removed pursuant to 28 U.S.C. § 1441. ECF No. 1. The Court has jurisdiction over Mr. Bandes' claims, brought under 15 U.S.C. § 1681 *et seq.*, under 28 U.S.C. § 1331 because they raise a federal question.

[2] As Trans Union points out in its Brief, ECF No. 22, the TAC updated the Plaintiff's name from "David Bandes" to "Bryan Bandes" but is otherwise identical to the second amended complaint. *See* ECF Nos. 11, 12. In its Reply Brief, Midland objects to Mr. Bandes' repeated amendments as "procedurally improper." ECF No. 26. However, the pleadings of pro se plaintiffs should be construed liberally. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015); *see also Jones El v. New Jersey*, No. CV 16-1287 (JBS-KMW), 2016 WL 4544341, at *1 n.3

The TAC alleges that Midland's debt collection action against Mr. Bandes in Fayette County Court was dismissed with prejudice for failure to prosecute on October 10, 2023. ECF No. 12 ¶ 6. Mr. Bandes further alleges that, after the dismissal, Midland continued to furnish data to Trans Union about the debt and, despite "multiple disputes filed by Plaintiff[,]" Trans Union continued reporting the debt as being "in collections" through April 2025. *Id.* at ¶¶ 7, 8, 11. Alleging he was denied credit as a result, Mr. Bandes brings FCRA claims against Trans Union as a Consumer Reporting Agency ("CRA") under 15 U.S.C. § 1681e(b) and against Midland as a furnisher of his credit information under 15 U.S.C. § 1681s-2. ECF No. 12.

Both Trans Union and Midland have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 19, 21. The Motions are now fully briefed and ripe for resolution. ECF Nos. 20, 22, 23, 25, 26.

**II.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. See *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

---

(D.N.J. Aug. 31, 2016) (reviewing second amended complaint filed without leave by *pro se* plaintiff); *Dejesus v. Davis*, No. CV 24-00975 (RK) (TJB), 2024 WL 4366854, at *1 (D.N.J. Oct. 1, 2024) (same). Accordingly, the Court will treat the TAC, ECF No. 12, as the Operative Complaint.

2

550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

### III.   Legal Analysis

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal quotations and citation omitted). To do so, the law imposes obligations on both CRAs and on furnishers who provide CRAs with information about the creditworthiness of customers. *See* 15 U.S.C. §§ 1681e (compliance procedures for CRAs),

1681s-2 (responsibilities of furnishers).  Both provisions also create a private right of action for consumers harmed by inaccurate information in their reports.  *Seamans v. Temple University*, 744 F.3d 853, 859-60 (3d Cir. 2014).  In the TAC, Mr. Bandes brings claims against Trans Union as a CRA under 15 U.S.C. § 1681e(b) (Count I) and against Midland as a furnisher under 15 U.S.C. § 1681s-2(b) (Count II).  ECF No. 12.  Mr. Bandes also asserts claims against both Defendants for willful violations of the FCRA under 15 U.S.C. § 1681n (Count III) and for negligent violations under 15 U.S.C. § 1681o (Count IV). The Court will address the claims against Trans Union first, and then turn to the claims against Midland.

      **A.**     **Plaintiff Fails to State a Claim against Trans Union under 15 U.S.C. § 1681e(b)**

15 U.S.C. § 1681e(b) requires CRAs to "follow reasonable procedures to ensure maximum possible accuracy" when preparing consumer reports.  To bring a claim against a CRA under § 1681e(b), a plaintiff must show that:  (1) inaccurate information was included on the consumer's report;  (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures to assure maximum possible accuracy;  (3) the consumer suffered an injury;  and (4) the consumer's injury was caused by the inclusion of the inaccurate information.  *Cortez*, 617 F.3d at 708.  The Third Circuit has held that even "technically correct" information "may nonetheless be inaccurate if, through omission, it 'creates a materially misleading impression.'"  *Seamans*, 744 F.3d at 865 (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)).

Here, the parties dispute the first element—whether Mr. Bandes alleges that inaccurate information was included in his consumer report.  Trans Union argues that it "may properly include any debt in a consumer report that bears on a consumer's creditworthiness[,]" including a debt that is uncollectable due to a legal defense.  ECF No. 20 at 4.  Mr. Bandes contends that the dismissal of the debt collection action prevents Midland from refiling the collection action in Pennsylvania

4

Courts. ECF No. 22 at 4. Therefore, according to Mr. Bandes, Trans Union reporting the debt as in collections is "factually inaccurate given the dismissal's effect." *Id.*

The United States Court of Appeals for the Third Circuit has not addressed whether disputes regarding the legal enforceability or collectability of debts are actionable inaccuracies under § 1681e(b). *Ritz v. Equifax Info. Servs.*, LLC, No. 23-2181, 2025 WL 1303945, at *4 (3d Cir. May 6, 2025). Nevertheless, several district courts within this Circuit have rejected § 1681e(b) claims based "on the validity of the underlying debt and not on a factual inaccuracy." *Leboon v. Equifax Info. Servs., LLC*, No. CV 18-1978, 2019 WL 3230995, at *5 (E.D. Pa. July 17, 2019); *see, e.g.*, *Hafez v. Equifax Inf. Servs., LLC*, No. 20-9019 (SDW) (LDW), 2021 WL 1589459, at *6 (D.N.J. Apr. 23, 2021) (dismissing § 1681e(b) claim for failure to allege an inaccuracy and noting that "to the extent Plaintiff disputes the legal characterization of her student loan debt . . . courts have found that CRAs 'are not required to investigate the legal validity of the underlying debts they report.... [and] are only liable for patent, factual inaccuracies contained in credit reports.'" (quoting *Leboon*, 2019 WL 3230995 at *4)).

Similarly, multiple federal courts of appeals have held that disputes regarding the legal validity of debts are not actionable inaccuracies under § 1681e(b). *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ("[D]etermining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.") (internal citation and quotation omitted); *Wright v. Experian Info. Solus., Inc.*, 805 F.3d 1232, 1244 (10th Cir. 2015) (rejecting argument that "CRAs should have determined the validity" of an IRS lien included on the plaintiff's consumer report, because the "FCRA and relevant case law do not impose such a duty on the CRAs"); *Denan v. Trans Union LLC*, 959 F.3d

290, 296 (7th Cir. 2020) ("[W]e join the First, Ninth, and Tenth Circuits in holding that a consumer's defense to a debt 'is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.'" (quoting *Carvalho*, 629 F.3d at 892)); *but see Sessa v. Trans Union*, LLC, 74 F.4th 38, 43 (2d Cir. 2023) ("[I]n determining whether a claimed inaccuracy is potentially actionable under section 1681e(b), a court must determine, inter alia, whether the information in dispute is objectively and readily verifiable. . . . [T]here is no threshold inquiry under the FCRA as to whether any purportedly inaccurate information is legal or factual in nature.").

The Court agrees with Trans Union that Mr. Bandes' dispute centers on his "legal defense to the collection of the debt"—the dismissal of the prior debt collection action—rather than a factual inaccuracy. ECF No. 20 at 5. While Mr. Bandes argues that he disputes the debt's collectability as a factual matter, whether the dismissal of the debt collection action renders the debt uncollectable is a legal question. In the TAC, Mr. Bandes does not contest that he incurred the debt, nor does he contest the amount of the debt or whether it was ever paid back. *See* ECF No. 12. Mr. Bandes only disputes Midland's ability to collect the debt after the dismissal of the 2023 debt collection action. ECF No. 22 at 5. Importantly, Courts have characterized disputes regarding the collectability of debts as legal disputes rather than factual ones even when, like here, a prior lawsuit to collect the debt was dismissed. *See, e.g.*, *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3751467, at *4 (S.D. Fla. May 3, 2018) (dispute over whether dismissal of prior debt collection action rendered debt unenforceable is a "legal contention" that cannot support an FCRA claim), *report and recommendation adopted*, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018), *aff'd*, 806 F. App'x 973 (11th Cir. 2020). The Court is therefore unpersuaded by Mr. Bandes' attempt to characterize his dispute as factual.

Mr. Bandes' dispute cannot form the basis of an inaccuracy to support a § 1681e(b) claim. Even assuming *arguendo* that a legal, as opposed to factual inaccuracy, could support a claim under § 1681e(b), so long as a plaintiff alleges the existence of an "objectively and readily verifiable" inaccuracy in their report, Mr. Bandes' claim would still not succeed. While the existence of the 2023 dismissal order was objectively and readily verifiable, the order's long-term consequences on Midland's ability to collect the debt was not. At the very least, Trans Union could not have objectively and readily verified Mr. Bandes' contention that its reporting of the debt as "in collections" was inaccurate because of the dismissal of the 2023 debt collection action. In other words, the Court agrees with Trans Union that "in collections" was an "objectively appropriate" and accurate way to describe the debt because "debt collectors can still collect unenforceable debts." ECF No. 25 at 2.

Mr. Bandes argues that, even if describing the debt as "in collections" was technically accurate, the description was misleading because, as a result of the dismissal of the 2023 debt collection action, Midland can no longer "pursue" the debt. ECF No. 22 at 4. That is still a legal argument, because it is based on the contention that the dismissal order bars Midland from refiling a subsequent collection action against Mr. Bandes. Furthermore, even if legal disputes can sustain a § 1681e(b) claim, Midland's inability to file another collection action against Mr. Bandes does not mean that it cannot ever attempt to collect the debt from Mr. Bandes, because debt collectors may collect legally unenforceable debts. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) ("[T]he FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.") It was therefore not misleading, let alone inaccurate, to continue

7

describing Mr. Bandes' debt as in collections simply because of the dismissal of the 2023 collection action.

Because Mr. Bandes' dispute over Trans Union's reporting of the debt is not a cognizable inaccuracy under the FCRA, Mr. Bandes fails to state a claim against Trans Union under § 1681e(b) (Count I). For the same reason, Mr. Bandes' claims against Trans Union for a willful violation of the FCRA under § 1681n (Count III) and a negligent violation under § 1681o (Count IV) also fail.

### B. Plaintiff Fails to State a Claim against Midland under 15 U.S.C. § 1681s-2(b)

15 U.S.C. § 1681s-2(b) prohibits "furnish[ing] information relating to a consumer to any consumer reporting agency if—(i) the person [furnishing the information] has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." To bring a claim against a furnisher under § 1681s-2(b), a plaintiff must show that "the furnisher provided incomplete or inaccurate information," and "that the incompleteness or inaccuracy was the product of an unreasonable investigation." *Ritz v. Equifax Info. Servs., LLC*, No. 23-2181, 2025 WL 1303945 at *3 (3d Cir. 2025); *see also Bibbs v. Trans Union LLC,* 43 F.4th 331, 344 (3d Cir. 2022) ("[B]efore a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021) ([Because] "§ 1681s-2 would be nonsensical if a plaintiff could make a claim against a furnisher that it failed to investigate accurate information . . . the Court agrees that there must be some threshold showing of inaccuracy to make a claim against a furnisher.").

A consumer who can make the required threshold showing of both inaccuracy and an unreasonable investigation, "must also establish that (1) he filed a dispute about the inaccurate

information with the relevant consumer reporting agency, (2) the consumer reporting agency notified the furnisher of the dispute triggering the furnisher's obligation to investigate, and (3) the furnisher failed to reasonably investigate the dispute and modify the inaccurate information." *Traore v. Trans Union LLC*, No. CV C25-2822, 2025 WL 2691042, at *2 (E.D. Pa. Sept. 19, 2025). In its Motion, Midland argues that Mr. Bandes fails to allege that his report contained an inaccuracy and fails to allege that he notified Trans Union of his dispute. ECF No. 23. Mr. Bandes contends that his pleadings "implied" he disputed the debt by alleging that Trans Union continued reporting the debt "following multiple disputes filed by Plaintiff." ECF No. 22 at 7 (quoting ECF No. 12 at ¶ 8). Because the Court finds that Mr. Bandes has failed to allege a cognizable inaccuracy under § 1681s-2(b), it need not reach the parties' arguments regarding whether he sufficiently alleged that he disputed the debt.

As with § 1681e(b), the Third Circuit "has not addressed whether a legal dispute as to the validity or enforceability of a debt renders that debt a 'factual inaccuracy' for purposes of a § 1681s-2(b) claim against a furnisher." *Shafranski*, 2025 WL 360604, at *4. However, several district courts within the Third Circuit have concluded that such legal disputes are not actionable under § 1681s-2(b). *See, e.g.*, *Esperance v. Diamond Resorts*, No. 1:18-CV-10237, 2022 WL 1718039, at *6 (D.N.J. May 27, 2022) ("[A] legal dispute rather than a factual one. . . . cannot form the basis of a claim under § 1681s–2(b) of the FCRA."); *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 608 (E.D. Pa. 2012) ("[A] furnisher's duty to investigate extends to factual inaccuracies, not legal disputes."). The courts of appeals which have considered whether disputes regarding the legal enforceability of debts are cognizable inaccuracies under § 1681s-2(b) have split, with some concluding that such disputes are not actionable, *see, e.g.*, *Chiang*, 595 F.3d at 38, and others "hold[ing] that both legal and factual disputes can form the basis of a § 1681s-2(b)

9

claim, so long as they are objectively and readily verifiable." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025); *see also Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) ("We decline to impose a bright-line rule that only purely factual or transcription errors are actionable under the FCRA. Rather, in determining whether a claimed inaccuracy is potentially actionable under § 1681s-2, a court must determine, inter alia, whether the information in dispute is 'objectively and readily verifiable.'" (cleaned up)).

Mr. Bandes' claims are premised on a legal dispute—the collectability of his debt to Midland after the dismissal of the 2023 debt collection action. But even if legal disputes are actionable under § 1681s–2(b), so long as they are objectively and readily verifiable, Mr. Bandes' claims against Midland still fail. As discussed, the dismissal of the 2023 collection action does not preclude Midland from ever collecting the debt from Mr. Bandes, because debt collectors may still collect unenforceable debts. It was thus not inaccurate, let alone "objectively and readily verifiabl[y]" so, to report the debt as being in collections simply because the 2023 collection action was dismissed. Accordingly, Mr. Bandes fails to state a claim against Midland under § 1681s–2(b) (Count II). For the same reason, Mr. Bandes' claims against Midland for willful (Count III) and negligent (Count IV) violations of the FCRA also fail.

### C. The Court Finds That Amendment Would Be Futile

Mr. Bandes asks the Court to deny both Motions and, in the event the Court grants either Motion, requests that it also grant him leave to amend. ECF No. 22 at 9. The Court finds that any further amendment of Mr. Bandes' pleadings would be futile. *See Walker v. Great Lakes Educ. Loan Servs., Inc.*, No. CV 21-14976, 2022 WL 2713889, at *6 (D.N.J. July 12, 2022) (finding amendment futile where plaintiff "failed to demonstrate that the credit report was inaccurate or

misleading as required by the FCRA."); *Becker v. Early Warning Servs., LLC.*, No. CV 19-5700, 2020 WL 2219142, at *11 (E.D. Pa. May 7, 2020) (same).

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss by Defendant Trans Union, ECF No. 19, and the Motion to Dismiss by Defendant Midland, ECF No. 21, will be GRANTED, and Plaintiff Bryan L. Bandes' claims will be DISMISSED WITH PREJUDICE, as further set forth in the accompanying Order.

DATED this 5th day of November, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

Bryan L. Bandes
Xpress Land Abstracting Inc.
88 Windridge Drive
Uniontown, PA 15401-8709